ACCEPTED
01-15-00538-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/8/2015 1:33:01 PM
CHRISTOPHER PRINE
CLERK

# CAUSE NO. 01-15-00538-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/8/2015 1:33:01 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE
## FIRST COURT OF APPEALS
## AT HOUSTON, TEXAS

### Smith v Robertson

### Original Proceeding from the 300th District Court
### The Honorable K. Randall Hufstetler, Presiding

### Appellant's Answer to Appellee's Original Response

Mark O. Midani
Thomas P. Nixon
Tremont Plaza Offices
1707 23rd Street
Galveston, Texas 77550
409-763-1627

Attorneys for Appellant

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 38.1(a), appellant presents the following list of all parties and names and addresses of its counsel:

**Appellant/Petitioner:**
Sarah Smith

**Counsel:**
Mark O. Midani
Thomas P. Nixon
Tremont Plaza Offices
1707 23rd Street
Galveston, Texas 77550
409-763-1627

Respondent:
The Honorable K. Randall Hufstetler
300th District Court
Brazoria County Courthouse
111 East Locust
Angleton, Texas 77515

**Appellee/Respondent:**
Travis Robertson

**Counsel:**
Benjamin H. Best, II
2414 S. Park
Pearland, Texas 77588
281-485-0666

Office of the Attorney General:

**Counsel:**
Luis Regla
5300 FM 2004
La Marque, Texas 77568
800- 252-8014

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL............................................02

TABLE OF CONTENTS............................................................03

TABLE OF AUTHORITIES........................................................04

STATEMENT OF THE CASE...................................................05, 06

STATEMENT OF FACTS.........................................................07

ISSUES PRESENTED..............................................................08

ARGUMENT.......................................................................09

SUMMARY OF THE ARGUMENT..............................................10, 11

APPENDIX.........................................................................12

# TABLE OF AUTHORITIES

## Cases

Byrd v. Byrd, No. 04-11-00700-CV (Tex. App. Oct 03, 2012

In Re Lee 411 S.W.3d 445 (Tex. 2013)

## Civil Practice and Remedies Code

Tex. Civ. Prac. & Rem.Code Ann. § 154.002

## Texas Family Code

Texas Family Code §6.602(b)

Texas Family Code §153.0071(d)

# STATEMENT OF THE CASE

Appellant/Petitioner SARAH SMITH brought a Motion for Enforcement of Possession or Access against Appellee/Respondent TRAVIS ROBERTSON as a result of Appellee's refusal to return the parties' children at the end of his period of possession at 6:00 pm on August 10, 2014.

Appellee filed an Answer to Motion for Enforcement of Possession or Access, Motion to Clarify/ Motion to Modify Request for Temporary Orders on October 27, 2014.

The parties attended mediation on January 29, 2015 and resolved the contested issues surrounding this case.

On April 24, 2015, counsel for Appellant filed a Motion to Enter the Order in Suit to Modify Parent-Child Relationship.

On April 24, 2015, counsel for Appellee filed an Opposition to Entry of Order in Suit to Modify Parent Child Relationship.

On May 20, 2015, counsel for Appellant, counsel for Appellee and the Office of the Attorney General appeared before the Associate Judge for the Court to enter the order that had been drafted in accordance with the parties Mediated Settlement Agreement. Counsel for Appellee refused to sign the order.

The Court's Docket Entry states that the parties entered into a Mediated Settlement Agreement on Modification. Parties argued disagreements regarding entry of the final order. The order was taken under advisement.

## Respondent:

Honorable K. Randall Hufstetler, 300th District Court, Brazoria County Courthouse, Angleton, Texas 77515

## Respondent's Action:

On June 2, 2015, counsel for Appellant received notice that Judge Hufstetler would not sign the order because it had not been signed by all the parties.

# STATEMENT OF FACTS

Contrary to Appellee's Original Response, there is not, and never was, a disagreement between the parties over the interpretation of the language contained in the Mediated Settlement Agreement.

In reality, Appellee and his attorney made numerous efforts to bully Appellant into changing the language in the Order in Suit to Modify Parent Child Relationship to suit their whelms. The language that Appellee and his attorney wanted added is totally outside of the terms of the mediated settlement agreement.

Appellee and his attorney refused to sign the Order in Suit to Modify Parent Child Relationship, not because there was a disagreement over the interpretation of the mediated settlement agreement, but because it did not contain additional language that Appellee and his attorney wanted added. A copy of the language from Appellee's attorney dated June 5, 2015 is attached to this answer.

This case raises significant issues related to the trial court's erroneous decision and subsequent refusal to sign the Order in Suit to Modify Parent Child Relationship because it was not signed by all the parties.

The order was drafted based on the parties Mediated Settlement Agreement. The mere fact that counsel for Appellee declined to sign the order does not justify the trial court's refusal to enter the order.

# ISSUES PRESENTED

01.    Did the Mediated Settlement Agreement contain the following language, "THIS MEDIATED SETTLEMENT AGREEMENT IS NOT SUBJECT TO REVOCATION AND IS BINDING ON BOTH PETITIONER AND RESPONDENT PURSUANT TO TEX. FAM. CODE 6.602 AND 153.0071?

02.    Did the Mediated Settlement Agreement meet the requirements of Texas Family Code §153.0071(d) which provides that a mediated settlement agreement is binding on the parties if the agreement:

     (1)      provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation;

     (2)    is signed by each party to the agreement; and

     (3)    is signed by the party's attorney, if any, who is present at the time the agreement is signed.

03.    Is Petitioner entitled to a judgement on the mediated settlement agreement based on Texas Family Code §153.0071(e) which provides that if a mediated settlement agreement meets the requirements of Subsection (d), **a party is entitled to judgment on the mediated settlement agreement** notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law?

04.    Did the trial court err in refusing to sign the Order in Suit to Modify Parent Child Relationship because it was not signed by all the parties?

05.    Is there factually sufficient evidence to support the judgment of the trial court?

# ARGUMENT

The entry of the Order in Suit to Modify Parent Child Relationship was initially scheduled for 8:30 am on April 28, 2015.

On April 24, 2015, Appellee's attorney filed Appellee's Opposition to Entry of Order in Suit to Modify Parent Child Relationship. A copy is attached to this answer. Appellee's Opposition to Entry of Order in Suit to Modify Parent Child Relationship Appellee does not contain any language stating that there is a disagreement between the parties over the interpretation of the language contained in the Mediated Settlement Agreement. Instead Appellee maintains that "to enter the order as it currently exists would be fool-hard, a waste of money, and result in an order which, **while agreed to by the parties, would be unenforceable.**

Simply because Appellee entered into a Mediated Settlement Agreement, then later changed his mind, and wanted to include language in the final order that was not part of the Mediated Settlement Agreement, does not give the trial court reason to refuse to sign the order.

Appellant is entitled to a judgement on the mediated settlement agreement based on Texas Family Code §153.0071(e) which provides that if a mediated settlement agreement meets the requirements of Subsection (d), **a party is entitled to judgment on the mediated settlement agreement** notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law.

# SUMMARY OF THE ARGUMENT

While Texas trial courts have numerous tools at their disposal to safeguard children's welfare, the Legislature has clearly directed that, subject to a very narrow exception involving family violence, denial of a motion to enter judgment on an MSA based on a best interest determination, where that MSA meets the statutory requirements of section 153.0071(d) of the Texas Family Code, is not one of those tools. Accordingly, the trial court in this case abused its discretion by denying entry of judgment on the MSA and setting the matter for trial.

The trial judge erred in failing to consider that the parties Mediated Settlement Agreement met the requirements of Texas Family Code §153.0071(d) which provided that a mediated settlement agreement is binding on the parties if the agreement:

     (1)     provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation;

     (2)     is signed by each party to the agreement; and

     (3)     is signed by the party's attorney, if any, who is present at the time the agreement is signed.

Further, the trial judge erred in failing to consider that Appellant is entitled to a judgement on the mediated settlement agreement based on Texas Family Code

§153.0071(e) which provides that if a mediated settlement agreement meets the requirements of Subsection (d), **a party is entitled to judgment on the mediated settlement agreement** notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law.

Because the trial court should have considered the evidence, the trial court's decision is so contrary to the overwhelming weight of this evidence as to be clearly wrong and unjust. Thus, the trial court's judgment is not supported by factually sufficient evidence. For this reason, the case should be reversed and remanded to the trial court for further consideration.

## PRAYER

Appellant, SARAH SMITH, respectfully, for the reasons stated above, asks the Court to find that the requirements for a binding mediated settlement agreement are met.

Appellant further requests that the Court find that the trial court is required to enter judgment on the mediated settlement agreement.

# APPENDIX

**Mediated Settlement Agreement**

**Order in Suit Affecting the Parent Child Relationship**

**Opposition to Entry of Order in Suit to Modify Parent-Child Relationship**

**Draft dated June 5, 2015 Additional Language to Order by Appellee**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served by electronic

filing on October 8, 2015 to counsel of record as follows:

Benjamin H. Best, II
2414 S. Park
Pearland, Texas 77588


Luis Regla
Office of the Attorney General
5300 FM 2004
La Marque, Texas 77568

/s/ Thomas P. Nixon

_____
Thomas P. Nixon

## CERTIFICATE OF COMPLIANCE

I certify that this brief is in compliance with rule 9.4(i ) of the Texas Rules

of Appellate Procedure in that its relevant portion contains 1,623 words.


/s/ Thomas P. Nixon


_____

Thomas P. Nixon

NO. ~~13FD2902~~ 676362

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT OF |
| | § | |
| KATHERINE DAWN ROBERTSON | § | |
| AND | § | BRAZORIA COUNTY, TEXAS |
| ELIZABETH MARIE ROBERTSON, | § | |
| | § | |
| CHILDREN | § | 300TH JUDICIAL DISTRICT |

<u>**MEDIATED SETTLEMENT AGREEMENT**</u>
<u>**PURSUANT TO THE TEXAS FAMILY CODE**</u>

On the 29th day of January, 2015, SARAH ROBERTSON SMITH, Petitioner, and TRAVIS ROBERTSON, Respondent (the "parties") hereby enter into this Mediated Settlement Agreement, with David J. Salinsky acting as mediator.

It is the intention and agreement of the parties that:

 <u>THIS MEDIATED SETTLEMENT AGREEMENT IS NOT SUBJECT TO REVOCATION AND IS BINDING ON BOTH PETITIONER AND RESPONDENT PURSUANT TO TEX. FAM. CODE 6.602 AND 153.0071.</u>

_____ This Mediated Settlement Agreement is subject to revocation.

The undersigned parties agree to compromise the claims and controversies currently at issue in the pending action. The parties stipulate that this Mediation Settlement Agreement as set forth herein is in the parties' best interests and is willfully and voluntarily entered into.

This Mediation Settlement Agreement is signed voluntarily

_____ with the advice and consent of counsel on the date set out below and subject to the court's approval. Its provisions are intended to be incorporated into an Agreed Order in Suit Affecting the Parent-Child Relationship.

_____ without the advice and consent of counsel on the date set out below and subject to the court's approval and approval of the attorneys. If this agreement is not revoked by either party, its provisions are intended to be incorporated into an Agreed Order in Suit Affecting the Parent-Child Relationship.

_____ This Mediated Settlement Agreement shall act as a shorthand rendition of the terms of the parties' agreement, and formal orders shall be prepared consistent with this agreement. If there are any disputes in drafting the agreement, the Texas Family Law Practice Manual, as amended, shall prevail relative to drafting disputes.

1

The parties agree to certain terms and conditions, as set forth in the shorthand rendition of the agreement, which is set forth in Exhibit "A" and is incorporated herein for all purposes.

Drafting of This Agreement. Each party's attorney is responsible for the wording in this agreement, and not the mediator. The mediator, as an accommodation, has written this agreement, but its contents have been carefully read, understood and approved by each party and their attorney, and none of the parties nor their attorneys will hold the mediator responsible or liable for any acts in connection with the drafting of this agreement.

Interpretation of Agreement. The parties agree that any and all disputes regarding the drafting of the final documents based on this agreement shall be resolved by mediation/arbitration with David J. Salinsky, of Salinsky Law Offices, at the rate of $100.00 per hour per party.

SIGNED on the 29th day of January, 2015.

AGREED AND CONSENTED TO:

_____
SARAH ROBERTSON SMITH, Petitioner

_____
THOMAS P. NIXON
Attorney for Petitioner

AGREED AND CONSENTED TO:

_____
TRAVIS ROBERTSON, Respondent

_____
BENJAMIN H. BEST, II
Attorney for Respondent

MEDIATED BY:

SALINSKY LAW OFFICES

_____
DAVID J. SALINSKY
TBA#17538700
16826 Titan Drive
Houston, Texas 77058
(281) 480-1100
(281) 480-1190 (FAX)
djs1122@aol.com
MEDIATOR

_____
DIANA NORTON
Attorney General's Office

2

# EXHIBIT "A"

This agreement between SARAH ROBERTSON SMITH, Petitioner, and TRAVIS ROBERTSON, Respondent, is as follows, to be incorporated more fully into an Agreed Order in Suit Affecting the Parent-Child Relationship:

## Conservatorship.

_____✓_____ The parties are to be named Joint Managing Conservators.

_____ _____ is to be named Sole Managing Conservator; and _____ is to be named Possessory Conservator.

## Rights and Duties.

**Rights at all Times.** IT IS AGREED that _____ _Sarah_ _____ and _____ _Travis_ _____ each shall have the following rights and duties of a parent **at all times.**

1. the right to receive information from the other parent concerning the health, education, and welfare of the children.

2. the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the children.

3. the right of access to medical, dental, psychological, and educational records of the children.

4. the right to consult with a physician, dentist, or psychologist of the children.

5. the right to consult with school officials concerning the children's welfare and educational status, including school activities.

6. the right to attend school activities.

7. the right to be designated on the children's records as a person to be notified in case of an emergency.

8. the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the children.

9. the right to manage the estate of the children to the extent the estate has been created by the parent or the parent's family.

3

10. the duty to inform the other parent in a timely manner of significant information concerning the health, education, and welfare of the children; and

11. the duty to inform the other parent if the parent resides with for at least thirty days, marries, or intends to marry a person who the parent knows is registered as a sex offender under chapter 62 of the Code of Criminal Procedure (as added by chapter 68, Acts of the 75th Legislature, Regular Session, 1997) or is currently charged with an offense for which on conviction the person would be required to register under that chapter. This information shall be tendered in the form of a notice made as soon as practicable, but not later than the fortieth day after the date the parent begins to reside with the person or on the tenth day after the date of marriage occurs, as appropriate. This notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged. **WARNING: A PERSON COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE PERSON FAILS TO PROVIDE THIS NOTICE.**

**Rights During Periods of Possession.** IT IS AGREED that _____Sara L_____

and _____Travis_____ each shall have the following rights and duties of a parent

**during periods of possession of the children:**

1. the duty of care, control, protection and reasonable discipline of the children.

2. the duty to support the children, including providing the children with clothing, food and shelter, and medical care and dental care not involving an invasive procedure.

3. the right to consent for the children to medical and dental care not involving an invasive procedure.

4. the right to direct the moral and religious training of the children.

**Other Rights.** IT IS AGREED that the following rights and duties of a parent shall be designated as follows:

1. the exclusive right to determine the primary residence shall be:

   _____ granted exclusively to _____ without regard to geographical restriction.

4

_____✓_ granted exclusively to ___Sarah___, but shall be restricted to the following geographical area: ___Brazoria & Contiguous Counties___

_____ .

_____ granted to neither party, but shall be restricted to the following geographical area: _____

2.  the right to consent to medical, dental, and surgical treatment involving invasive procedures shall be:

_____ an exclusive right of _____ after consultation with the other parent.
_____ a right of each party at all times, subject to the agreement of the other parent.
___✓__ a right of each party at all times, after consultation with the other parent.
_____ an independent right of each parent at all times.
_____ an independent right of each parent during periods of possession.
_____ other:_____ .

3.  the right to consent to psychiatric and psychological treatment shall be:

_____ an exclusive right of _____ after consultation with the other parent.
_____ a right of each party at all times, subject to the agreement of the other parent.
___✓__ a right of each party at all times, after consultation with the other parent.
_____ an independent right of each parent at all times.
_____ an independent right of each parent during periods of possession.
_____ other:_____ .

4.  the right to receive and give receipt for periodic payments for the support of the children and to hold or disburse these funds for the benefit of the children shall be:

___✓__ an exclusive right of ___Sarah___ .
_____ a right of each party at all times, subject to the agreement of the other parent.
_____ a right of each party at all times, after consultation with the other parent.
_____ an independent right of each parent at all times.
_____ an independent right of each parent during periods of possession.
_____ other:_____ .

5

5.  the right to represent the children in legal actions and to make other decisions of substantial legal significance concerning the children shall be:

_____ an exclusive right of_____ after consultation with the other parent.
_____ a right of each party at all times, subject to the agreement of the other parent.
___✓___ a right of each party at all times, after consultation with the other parent.
_____ an independent right of each parent at all times.
_____ an independent right of each parent during periods of possession.
_____ other:_____.

6.  the right to consent to marriage and to enlistment in the armed forces of the United States shall be:

_____ an exclusive right of_____ after consultation with the other parent.
___✓___ a right of each party at all times, subject to the agreement of the other parent.
_____ a right of each party at all times, after consultation with the other parent.
_____ an independent right of each parent at all times.
_____ an independent right of each parent during periods of possession.
_____ other:_____.

7.  the right to make decisions concerning the children's education shall be:

_____ an exclusive right of_____ after consultation with the other parent.
_____ a right of each party at all times, subject to the agreement of the other parent.
___✓___ a right of each party at all times, after consultation with the other parent.
_____ an independent right of each parent at all times.
_____ an independent right of each parent during periods of possession.
_____ other:_____.

8.  the right to the services and earnings of the children shall be:

_____ an exclusive right of_____ after consultation with the other parent.
_____ a right of each party at all times, subject to the agreement of the other parent.
___✓___ a right of each party at all times, after consultation with the other parent.
_____ an independent right of each parent at all times.
_____ an independent right of each parent during periods of possession.
_____ other:_____.

6

9.	except when a guardian of the children's estate or a guardian or attorney ad litem has been appointed for the children, the right to act as an agent of the children to act in relation to the children's estate if the children's action is required by a state, the United States, or a foreign government shall be:

_____	an exclusive right of_____ after consultation with the other parent.

_____	a right of each party at all times, subject to the agreement of the other parent.

_____	a right of each party at all times, after consultation with the other parent.

_____	an independent right of each parent at all times.

_____	an independent right of each parent during periods of possession.

_____	other:_____.

10.	the duty to manage the estate of the children to the extent the estate has been created by the community property or the joint property of the parents shall be:

_____	an exclusive right of_____ after consultation with the other parent.

_____	a right of each party at all times, subject to the agreement of the other parent.

_____	a right of each party at all times, after consultation with the other parent.

_____	an independent right of each parent at all times.

_____	an independent right of each parent during periods of possession.

_____	the right to manage any accounts established by the parent or the parent's family.

_____	other:_____.

## Possession/Visitation.

_____	_____ Travis _____ shall have possession and visitation pursuant to a Standard Possession Order, as set forth in the Texas Family Code:

_____	with "100 mile or less" language only.

_____	with "100 mile or less" language AND "over 100 mile" language.

_____	with the "alternative beginning" times set forth in Tex. Fam. Code Sec. 153.317.

_____	with the "alternative ending" times set forth in Tex. Fam. Code 153.317.

_____	The non-primary custodial parent hereby makes the following additional elections available to said party for visitation:

_____

_____

_____

_____

7

_____ The parties agree that good cause exists to deviate from the Standard Possession Order, as set forth in the Texas Family Code, and that visitation shall be pursuant to the terms set forth in Exhibit "B".

## General Terms and Conditions.

✓ The standard general terms and conditions set forth in Tex. Fam. Code Sec. 153.316 shall be used.

_____ The following modifications to the standard general terms and conditions shall be used:

_____
_____
_____
_____
_____

## Commencement of Possession Times.

The possession times set forth herein shall begin:

✓ immediately after this Mediated Settlement Agreement is signed.
_____ after the Final Order is signed.

## Travel Expenses for Children

✓ Father / Mother shall pick up and/or return the children.
_____ Father / Mother shall be responsible for travel expenses of the children.
_____ The parties will share the travel expenses on a 50/50 basis.
_____ Other terms: _____
_____

## Military Deployment.

✓ No military deployment is currently anticipated.

_____ Military deployment is anticipated for _____, who hereby makes the following designations:

_____
_____
_____
_____
_____

8

## Parenting Coordinator/Parenting Facilitator.

__✓__ No parenting coordinator or parenting facilitator is appointed.

_____ The parties agree to appoint _____ as a parenting coordinator/parenting facilitator to assist in resolving future disputes, and each party shall pay for one-half of the cost of attending sessions with said coordinator. The parenting coordinator shall be subject to Tex. Fam. Code 153.605, and the parenting facilitator shall be subject to Tex. Fam. Code 153.6061.

## Passport Application. The right to apply for a passport for the children shall be a right of:

_____ Both parties.

_____ _____ parent only.

_____ Standard passport exchange language to be included.

_____ The passport custodian shall be _____.

## Property of Children. The following listed property belonging to the children shall be placed under the sole and exclusive control of _____.

_____
_____
_____
_____
_____

## Child Support.

__✓__ Periodic child support:

_____ shall not be required at this time.

__✓__ shall be paid by ___Travis___.

__✓__ Child support shall be $___300___ per month, payable on the __1st o 15th__ day(s) of each month in the amount of $___150___ each, beginning on the __1st__ day of ___Feb___, 2015.

__✓__ A wage withholding order:

__✓__ shall be issued to the employer of obligor.

_____ shall be suspended and not issued until obligor becomes _____days or more delinquent in payments.

9

_____ Payments shall be:

      _____ made directly to obligee.

      _____ paid through the Texas Children Support Disbursement Unit.

_____ Life insurance shall / shall not be required for outstanding child support obligation.

_____ Child support step-downs shall / shall not be calculated and put in the Order. ( *same* )

_____ Standard language regarding termination of child support shall be included.

_____ Standard language regarding child support in the event of the death of a parent shall / shall not be included.

## Medical Insurance Coverage for Children.

_____ Father / Mother shall maintain major medical and health insurance coverage on the children, *Through Medicaid or government sponsored program*

_____ Insurance shall include health, dental and vision. *135.00 minus cash medical*

_____ *Father* shall reimburse _____ for carrying health insurance at $ _____ per month beginning ___3|1|15___, and this may be adjusted if the cost of insurance changes.

_____ The parties will share uninsured medical expenses on a 50/50 basis when in-network provider is used.

_____ The party incurring will pay 100% of uninsured medical expenses when out-of-network provider is used, except in an emergency, which shall be shared 50/50.

_____ Qualified Medical Children Support Order shall / shall not be issued.

## Exchange of Documents/Preparation of Paperwork.

_____ The anticipated documents necessary to finalize this case shall be as follows:

*Agreed Order Modifying P-C Relationship*

_____ Attorney _A. Tyson_ shall prepare the Agreed Order in Suit Affecting the Parent-Child Relationship and ancillary documents and submit to opposing counsel on or before the _____ day of _____, 2015.

_____ Attorney _____ shall prepare the _____ _____ and submit to opposing counsel on or before the _____ day of _____, 2015.

_____ Attorney _____ and client _____ shall appear in court on or before the _____ day of _____, 2015, to finalize this case on the uncontested docket, on the basis of this Mediated Settlement Agreement.

_✓_ Entry date of the Agreed Order in Suit Affecting the Parent-Child Relationship shall be not later than the __28__ day of _____Feb_____, 2015.

## Attorney's Fees and Court Costs.

_✓_ Each party shall pay his/her own attorney's fees and court costs.
_____ Other terms: _____

## Injunctions.

_____ Mutual permanent injunctions shall be imposed, as pled.

_____ Petitioner / Respondent shall be enjoined from discussing this action or any issues relative to this action in the presence of the children or saying anything or taking any action in the presence of the children which would be reasonably calculated to cause the children to have knowledge of the issues regarding this action.

_____ Petitioner / Respondent shall be enjoined from making disparaging remarks about the other party or the other party's family members in the presence of the children.

_____ Petitioner / Respondent shall be enjoined from allowing any unrelated adults with whom they have a dating relationship to be in the presence of the children between the hours of _____ p.m. and _____ a.m.

_____ Petitioner / Respondent shall be enjoined from consuming any alcoholic beverage during periods of possession and access with the children or smoking, sniffing, ingesting or in any other manner using any controlled substance during periods of possession and access with the children, and for the period beginning _____ hours prior to a period of possession.

11

_____ Petitioner / Respondent shall be enjoined from permitting the children to ride in a motor vehicle during periods of possession of the children without wearing a proper safety restraint device.

_____ Petitioner / Respondent shall be enjoined from possession of a firearm or any ammunition until _____.

_✓_ Other:

___No permitting Robert Manning around the children beging 3|8|15 and Thereafter___

## Tax Exemption for Children.

_✓_ For the purposes of Federal income tax exemptions:

_____ _____ shall be entitled to claim _____ as (a) dependent(s) on his/her income tax returns for all future / even / odd years, beginning with the calendar year 20___, and the other party shall execute all documentation necessary to effect this provision, including the execution of IRS Form 8332, entitled "Release of Claim to Exemption for Children of Divorced or Separated Parents."

_____ _____ shall be entitled to claim _____ as (a) dependent(s) on his/her income tax returns for all future / even / odd years, beginning with the calendar year 20___, and the other party shall execute all documentation necessary to effect this provision, including the execution of IRS Form 8332, entitled "Release of Claim to Exemption for Children of Divorced or Separated Parents."

_____ IRS rules shall apply.

## Settlement of Future Disputes.

_____ IT IS AGREED that the parties shall attempt to settle future dispute by a dispute resolution method before seeking enforcement or modification of the terms and conditions of the conservatorship/possession/children support established by this agreement through litigation, except in emergency situations regarding ex parte orders to protect the children.

_____ Mediation shall not be required prior to filing future litigation.

12

## Other Agreements.

Parties agree to jointly file a petition to
Terminate and adopt - allowing Travis
to adopt Tyler B. Poole. Travis
to pay for the attorney's fees. Parties will
Jointly talk to Tyler about the adoption. Parties only
Sarah's Motion for Enforcement is
dismissed w/ prejudice
Parties agree c/s is a deviation from guidelines
(a deviation c/s would have been $385 per mon).
Parties agree to $300
which is 13%

## Obligations of Temporary Orders.

_____ shall survive the final judgment.
_____ shall not survive the final judgment.
_____ shall terminate on _____.

## Prior Final Orders.

__✓__ This agreement wholly replaces a prior final order.
_____ This agreement replaces only those specific provisions of a prior final order as described herein, and all other portions of the earlier final order not modified shall remain in effect.

Judgment for past cash medical against
Travis in amount of $3539.81 as of
12/3/14. Judgment to be paid at
$15/month starting 2/1/15 + monthly
thereafter

13

Cause No. 67362

| | | |
|---|---|---|
| IN THE INTEREST OF | * | IN THE DISTRICT COURT OF |
| | * | |
| KATHERINE DAWN ROBERTSON | * | BRAZORIA COUNTY, TEXAS |
| AND ELIZABETH MARIE ROBERTSON | * | |
| | * | |
| MINOR CHILDREN | * | 300TH JUDICIAL DISTRICT |

## ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP

On June _____, 2015, the Court heard this case.

**Appearances**

Petitioner, TRAVIS ROBERTSON, appeared in person and through attorney of record, Benjamin H. Best, II and announced ready.

Respondent, SARAH (ROBERTSON) SMITH, appeared in person and through attorney of record, Thomas P. Nixon of Midani & Cole LLP, and announced ready.

The Office of Attorney General appeared by and through its attorney of record Khadjia Davis.

**Jurisdiction**

The Court, after examining the record and the evidence and argument of counsel, finds that it has jurisdiction of this case and of all the parties and that no other court has continuing, exclusive jurisdiction of this case. All persons entitled to citation were properly cited.

**Jury**

A jury was waived, and all questions of fact and of law were submitted to the Court.

**Record**

The making of a record of testimony was waived by the parties with the consent of the Court.

## Children

The Court finds that the following children are the subject of this suit:

Name: KATHERINE DAWN ROBERTSON

Sex: Female

Birth date: November 02, 2004

Name: ELIZABETH MARIE ROBERTSON

Sex: Female

Birth date: July 25, 2006

## Findings

The Court finds that the requested modification is in the best interest of the children. IT IS ORDERED that the requested modification is GRANTED.

## Parenting Plan

The Court finds that the provisions in these orders relating to the rights and duties of the parties with relation to the children, possession of and access to the children, child support, and optimizing the development of a close and continuing relationship between each party and the children constitute the parties' agreed parenting plan.

## Conservatorship

The Court finds that the following orders are in the best interest of the children.

IT IS ORDERED that SARAH SMITH and TRAVIS ROBERTSON are appointed Joint Managing Conservators of the children KATHERINE DAWN ROBERTSON and ELIZABETH MARIE ROBERTSON.

IT IS ORDERED that, at all times, SARAH SMITH and TRAVIS ROBERTSON, as parent joint managing conservators, shall each have the following rights:

01.	the right to receive information from any other conservator of the children concerning the health, education, and welfare of the children;

02.	the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the children;

03.	the right of access to medical, dental, psychological, and educational records of the children;

04.	the right to consult with a physician, dentist, or psychologist of the children;

05.	the right to consult with school officials concerning the children's welfare and educational status, including school activities;

06.	the right to attend school activities;

07.	the right to be designated on the children's records as a person to be notified in case of an emergency;

08.	the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the children; and

09.	the right to manage the estates of the children to the extent the estates have been created by the parent or the parent's family.

IT IS ORDERED that, at all times, SARAH SMITH and TRAVIS ROBERTSON, as parent joint managing conservators, shall each have the following duties:

01.	the duty to inform the other conservator of the children in a timely manner of significant information concerning the health, education, and welfare of the children; and

02.	the duty to inform the other conservator of the children if the conservator resides with for at least thirty days, marries, or intends to marry a person who the conservator knows is registered as a sex offender under chapter 62 of the Code of Criminal Procedure or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that this information shall be tendered in the form of a notice made as soon as practicable, but not later than the fortieth day after the date the conservator of the children begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate. IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE.

IT IS ORDERED that, during their respective periods of possession, SARAH SMITH and TRAVIS ROBERTSON, as parent joint managing conservators, shall each have the following rights and duties:

01.     the duty of care, control, protection, and reasonable discipline of the children;

02.     the duty to support the children, including providing the children with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

03.     the right to consent for the children to medical and dental care not involving an invasive procedure; and

04.     the right to direct the moral and religious training of the children.

IT IS ORDERED that SARAH SMITH, as a parent joint managing conservator, shall have the following rights and duty:

01.     the exclusive right to designate the primary residence of the children within Brazoria County, Texas and the counties contiguous to Brazoria County, Texas;

02.     the right, after consultation with the other parent, to consent to medical, dental, and surgical treatment involving invasive procedures;

03.     the right, after consultation with the other parent, to consent to psychiatric and psychological treatment of the children;

04.     the exclusive right to receive and give receipt for periodic payments for the support of the children and to hold or disburse these funds for the benefit of the children;

05.     the right, after consultation with the other parent, to represent the children in legal action and to make other decisions of substantial legal significance concerning the children;

06.     the right, subject to the agreement of the other parent, to consent to marriage and to enlistment in the armed forces of the United States;

07.     the right, after consultation with the other parent, to make decisions concerning the children's education;

08.     except as provided by section 264.0111 of the Texas Family Code, the right, after consultation with the other parent, to the services and earnings of the children;

09.     except when a guardian of the children's estates or a guardian or attorney ad litem has been appointed for the children, the right, after consultation with the other parent, to act as an agent of the children in relation to the children's estates if the children's action is required by a state, the United States, or a foreign government; and

Order in Suit to Modify Parent Child Relationship
Smith v Robertson
Page 4 of 27

10.    the right to manage any accounts established by the parent or the parent's family.

IT IS ORDERED that TRAVIS ROBERTSON, as a parent joint managing conservator, shall have the following rights and duty:

01.    the right, after consultation with the other parent, to consent to medical, dental, and surgical treatment involving invasive procedures;

02.    the right, after consultation with the other parent, to consent to psychiatric and psychological treatment of the children;

03.    the right, after consultation with the other parent, to represent the children in legal action and to make other decisions of substantial legal significance concerning the children;

04.    the right, subject to the agreement of the other parent, to consent to marriage and to enlistment in the armed forces of the United States;

05.    the right, after consultation with the other parent, to make decisions concerning the children's education;

06.    except as provided by section 264.0111 of the Texas Family Code, the right, after consultation with the other parent, to the services and earnings of the children;

07.    except when a guardian of the children's estates or a guardian or attorney ad litem has been appointed for the children, the right, after consultation with the other parent, to act as an agent of the children in relation to the children's estates if the children's action is required by a state, the United States, or a foreign government; and

08.    the right to manage any accounts established by the parent or the parent's family.

**Geographical Restriction**

The Court finds that, in accordance with section 153.001 of the Texas Family Code, it is the public policy of Texas to assure that children will have frequent and continuing contact with parents who have shown the ability to act in the best interest of the child, to provide a safe, stable, and nonviolent environment for the child, and to encourage parents to share in the rights and duties of raising their child after the parents have separated or dissolved their marriage. IT IS ORDERED that the primary residence of the children shall be Brazoria County, Texas and the counties contiguous to Brazoria County, Texas, and the parties shall not remove the children from Brazoria County, Texas and the counties contiguous to Brazoria County, Texas for the

Order in Suit to Modify Parent Child Relationship
Smith v Robertson
Page 5 of 27

purpose of changing the primary residence of the children until modified by further order of the court of continuing jurisdiction or by written agreement signed by the parties and filed with the court.

IT IS FURTHER ORDERED that SARAH SMITH shall have the exclusive right to designate the children's primary residence within Brazoria County, Texas and the counties contiguous to Brazoria County, Texas.

IT IS FURTHER ORDERED that this geographic restriction on the residence of the children shall be lifted if, at the time SARAH SMITH wishes to remove the children from Brazoria County, Texas and the counties contiguous to Brazoria County, Texas for the purpose of changing the primary residence of the children, TRAVIS ROBERTSON does not reside in Brazoria County, Texas or the counties contiguous to Brazoria County, Texas.

**Child Support**

IT IS ORDERED that TRAVIS ROBERTSON is obligated to pay and shall pay to SARAH SMITH child support of $300.00 per month, with the first installment of $150.00 being due and payable on February 1, 2015 and a like installment being due and payable on the first and fifteenth day of each month thereafter until the first month following the date of the earliest occurrence of one of the events specified below:

1. any child reaches the age of eighteen years or graduates from high school, whichever occurs later, subject to the provisions for support beyond the age of eighteen years set out below;

2. any child marries;

3. any child dies;

4. any child enlists in the armed forces of the United States and begins active service as defined by section 101 of title 10 of the United States Code; or

5. any child's disabilities are otherwise removed for general purposes.

Thereafter, TRAVIS ROBERTSON is ORDERED to pay to SARAH SMITH child support of $240.00 per month, due and payable on the first day of the first month immediately following the date of the earliest occurrence of one of the events specified above for the other child and a like sum of $240.00 due and payable on the first day of each month thereafter until the next occurrence of one of the events specified above for the other child.

If a child is eighteen years of age and has not graduated from high school, IT IS ORDERED that TRAVIS ROBERTSON'S obligation to pay child support to SARAH SMITH shall not terminate but shall continue for as long as the child is enrolled—

1.      under chapter 25 of the Texas Education Code in an accredited secondary school in a program leading toward a high school diploma or under section 130.008 of the Education Code in courses for joint high school and junior college credit and is complying with the minimum attendance requirements of subchapter C of chapter 25 of the Education Code or

2.      on a full-time basis in a private secondary school in a program leading toward a high school diploma and is complying with the minimum attendance requirements imposed by that school.

IT IS ORDERED that any employer of TRAVIS ROBERTSON shall be ordered to withhold from earnings for child support from the disposable earnings of TRAVIS ROBERTSON for the support of KATHERINE DAWN ROBERTSON and ELIZABETH MARIE ROBERTSON.

IT IS FURTHER ORDERED that all amounts withheld from the disposable earnings of TRAVIS ROBERTSON by the employer and paid in accordance with the order to that employer shall constitute a credit against the child support obligation. Payment of the full amount of child support ordered paid by this decree through the means of withholding from earnings shall discharge the child support obligation. If the amount withheld from earnings and credited against the child support obligation is less than 100 percent of the amount ordered to be paid by this decree, the balance due remains an obligation of TRAVIS ROBERTSON, and it is hereby

ORDERED that TRAVIS ROBERTSON pay the balance due directly to the state disbursement unit as specified below.

On this date the Court authorized the issuance of an Income Withholding for Support.

IT IS ORDERED that all payments shall be made through the state disbursement unit at Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791, and thereafter promptly remitted to SARAH SMITH for the support of the children.

IT IS FURTHER ORDERED that TRAVIS ROBERTSON shall notify this Court and SARAH SMITH by U.S. certified mail, return receipt requested, of any change of address and of any termination of employment. This notice shall be given no later than seven days after the change of address or the termination of employment. This notice or a subsequent notice shall also provide the current address of TRAVIS ROBERTSON and the name and address of his current employer, whenever that information becomes available.

IT IS ORDERED that, on the request of a prosecuting attorney, the title IV-D agency, the friend of the Court, a domestic relations office, SARAH SMITH, TRAVIS ROBERTSON, or an attorney representing SARAH SMITH or TRAVIS ROBERTSON, the clerk of this Court shall cause a certified copy of the Income Withholding for Support to be delivered to any employer.

IT IS ORDERED that each party shall pay, when due, all fees charged to that party by the state disbursement unit and any other agency statutorily authorized to charge a fee.

**Deviation from Child Support**

The parties agree that the child support ordered for TRAVIS ROBERTSON is a deviation from the guideline child support set forth in the Texas Family Code. The guideline child support amount is $585.00 per month.

The parties agree that TRAVIS ROBERTSON will pay $300.00 per month for the support of the children, which is 13% of TRAVIS ROBERTSON'S net resources.

**Standard Extended Possession Order**

IT IS ORDERED that each conservator shall comply with all terms and conditions of this Standard Possession Order. IT IS ORDERED that this Standard Possession Order is effective immediately and applies to all periods of possession occurring on and after the date the Court signs this Standard Possession Order. IT IS, THEREFORE, ORDERED:

(a)     Definitions

1.     In this Standard Possession Order, "school" means the primary or secondary school in which the child is enrolled or, if the child is not enrolled in a primary or secondary school, the public school district in which the child primarily resides.

2.     In this Standard Possession Order, "child" includes each child, whether one or more, who is a subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

(b)     Mutual Agreement or Specified Terms for Possession

IT IS ORDERED that the conservators shall have possession of the child at times mutually agreed to in advance by the parties, and, in the absence of mutual agreement, it is ORDERED that the conservators shall have possession of the child under the specified terms set out in this Standard Possession Order.

(c)     When Parents Reside 100 Miles or Less Apart

Except as otherwise expressly provided in this Standard Possession Order, when TRAVIS ROBERTSON resides 100 miles or less from the primary residence of the child, TRAVIS ROBERTSON shall have the right to possession of the child as follows:

<u>Weekends</u>

On weekends that occur during the regular school term, beginning at the time the child's school is regularly dismissed on the first, third, and fifth Friday of each month and ending at the time the child's school resumes after the weekend.

On weekends that do not occur during the regular school term, beginning at 6:00 P.M. on the first, third, and fifth Friday of each month and ending at 6:00 P.M. on the following Sunday.

## Weekend Possession Extended by a Holiday

Except as otherwise expressly provided in this Standard Possession Order, if a weekend period of possession by TRAVIS ROBERTSON begins on a student holiday or a teacher in-service day that falls on a Friday during the regular school term, as determined by the school in which the child is enrolled, or a federal, state, or local holiday that falls on a Friday during the summer months when school is not in session, that weekend period of possession shall begin at the time the child's school is regularly dismissed on the Thursday immediately preceding the student holiday or teacher in-service day and 6:00 P.M. on the Thursday immediately preceding the federal, state, or local holiday during the summer months.

Except as otherwise expressly provided in this Standard Possession Order, if a weekend period of possession by TRAVIS ROBERTSON ends on or is immediately followed by a student holiday or a teacher in-service day that falls on a Monday during the regular school term, as determined by the school in which the child is enrolled, or a federal, state, or local holiday that falls on a Monday during the summer months when school is not in session, that weekend period of possession shall end at 6:00 P.M. on that Monday.

## Thursdays

On Thursday of each week during the regular school term, beginning at the time the child's school is regularly dismissed and ending at the time the child's school resumes on Friday.

## Spring Vacation in Even

Numbered Years—In even-numbered years, beginning at the time the child's school is dismissed for the school's spring vacation and ending at 6:00 P.M. on the day before school resumes after that vacation.

## Extended Summer Possession by TRAVIS ROBERTSON

With Written Notice by April 1

If TRAVIS ROBERTSON gives SARAH SMITH written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, TRAVIS ROBERTSON shall have possession of the child for thirty days beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation in that year, to be exercised in no more than two separate periods of at least seven consecutive days each, as specified in the written notice. These periods of possession shall begin and end at 6:00 P.M. on each applicable day.

Without Written Notice by April 1

If TRAVIS ROBERTSON does not give SARAH SMITH written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, TRAVIS

ROBERTSON shall have possession of the child for thirty consecutive days in that year beginning at 6:00 P.M. on July 1 and ending at 6:00 P.M. on July 31.

Notwithstanding the Thursday periods of possession during the regular school term and the weekend periods of possession ORDERED for TRAVIS ROBERTSON, it is expressly ORDERED that SARAH SMITH shall have a superior right of possession of the child as follows:

## Spring Vacation in Odd-Numbered Years

In odd-numbered years, beginning at the time the child's school is dismissed for the school's spring vacation and ending at 6:00 P.M. on the day before school resumes after that vacation.

## Summer Weekend Possession by SARAH SMITH

If SARAH SMITH gives TRAVIS ROBERTSON written notice by April 15 of a year, SARAH SMITH shall have possession of the child on any one weekend beginning at 6:00 P.M. on Friday and ending at 6:00 P.M. on the following Sunday during any one period of the extended summer possession by TRAVIS ROBERTSON in that year, provided that SARAH SMITH picks up the child from TRAVIS ROBERTSON and returns the child to that same place and that the weekend so designated does not interfere with Father's Day possession.

## Extended Summer Possession by SARAH SMITH

If SARAH SMITH gives TRAVIS ROBERTSON written notice by April 15 of a year or gives TRAVIS ROBERTSON fourteen days' written notice on or after April 16 of a year, SARAH SMITH may designate one weekend beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation, during which an otherwise scheduled weekend period of possession by TRAVIS ROBERTSON shall not take place in that year, provided that the weekend so designated does not interfere with TRAVIS ROBERTSON'S period or periods of extended summer possession or with Father's Day possession.

(d)     Holidays Unaffected by Distance

Notwithstanding the weekend and Thursday periods of possession of TRAVIS ROBERTSON, SARAH SMITH and TRAVIS ROBERTSON shall have the right to possession of the child as follows:

## Christmas Holidays in Even-Numbered Years

In even-numbered years, TRAVIS ROBERTSON shall have the right to possession of the child beginning at the time the child's school is dismissed for the Christmas school vacation and ending at noon on December 28, and SARAH SMITH shall have the right to possession of the child beginning at noon on December 28 and ending at 6:00 P.M. on the day before school resumes after that Christmas school vacation.

## Christmas Holidays in Odd-Numbered Years

In odd-numbered years, SARAH SMITH shall have the right to possession of the child beginning at the time the child's school is dismissed for the Christmas school vacation and ending at noon on December 28, and TRAVIS ROBERTSON shall have the right to possession of the child beginning at noon on December 28 and ending at 6:00 P.M. on the day before school resumes after that Christmas school vacation.

## Thanksgiving in Odd-Numbered Years

In odd-numbered years, TRAVIS ROBERTSON shall have the right to possession of the child beginning at the time the child's school is dismissed for the Thanksgiving holiday and ending at 6:00 P.M. on the Sunday following Thanksgiving.

## Thanksgiving in Even-Numbered Years

In even-numbered years, SARAH SMITH shall have the right to possession of the child beginning at the time the child's school is dismissed for the Thanksgiving holiday and ending at 6:00 P.M. on the Sunday following Thanksgiving.

## Child's Birthday

If a conservator is not otherwise entitled under this Standard Possession Order to present possession of a child on the child's birthday, that conservator shall have possession of the child and the child's minor siblings beginning at 6:00 P.M. and ending at 8:00 P.M. on that day, provided that the conservator picks up the children from the other conservator's residence and returns the children to that same place.

## Father's Day

TRAVIS ROBERTSON shall have the right to possession of the child each year, beginning at 6:00 P.M. on the Friday preceding Father's Day and ending at 8:00 A.M. on the Monday after Father's Day, provided that if TRAVIS ROBERTSON is not otherwise entitled under this Standard Possession Order to present possession of the child, he shall pick up the child from the residence of SARAH SMITH and return the child to that same place.

<u>Mother's Day</u>

SARAH SMITH shall have the right to possession of the child each year, beginning at the time the child's school is regularly dismissed on the Friday preceding Mother's Day and ending at the time the child's school resumes after Mother's Day, provided that if SARAH SMITH is not otherwise entitled under this Standard Possession Order to present possession of the child, she shall pick up the child from the other conservator's residence TRAVIS ROBERTSON and return the child to that same place.

(e)     Undesignated Periods of Possession

SARAH SMITH shall have the right of possession of the child at all other times not specifically designated in this Standard Possession Order for TRAVIS ROBERTSON.

(f)     General Terms and Conditions

Except as otherwise expressly provided in this Standard Possession Order, the terms and conditions of possession of the child that apply regardless of the distance between the residence of a parent and the child are as follows:

01.     Surrender of Child by SARAH SMITH—SARAH SMITH is ORDERED to surrender the child to TRAVIS ROBERTSON at the beginning of each period of TRAVIS ROBERTSON'S possession at the residence of SARAH SMITH.

If a period of possession by TRAVIS ROBERTSON begins at the time the child's school is regularly dismissed, SARAH SMITH is ORDERED to surrender the child to TRAVIS ROBERTSON at the beginning of each such period of possession at the school in which the child is enrolled. If the child is not in school, TRAVIS ROBERTSON shall pick up the child at the residence of SARAH SMITH at 6:00 PM, and SARAH SMITH is ORDERED to surrender the child to TRAVIS ROBERTSON at the residence of SARAH SMITH at 6:00 PM under these circumstances.

02.     Return of Child by TRAVIS ROBERTSON—TRAVIS ROBERTSON is ORDERED to return the child to the residence of SARAH SMITH at the end of each period of possession.

If a period of possession by TRAVIS ROBERTSON ends at the time the child's school resumes, TRAVIS ROBERTSON is ORDERED to surrender the child to SARAH SMITH at the end of each such period of possession at the school in which the child is enrolled or, if the child is not in school, at the residence of SARAH SMITH at 8:00 AM.

03.     Surrender of Child by TRAVIS ROBERTSON—TRAVIS ROBERTSON is ORDERED to surrender the child to SARAH SMITH, if the child is in TRAVIS ROBERTSON'S possession or subject to TRAVIS ROBERTSON'S control, at the beginning of

each period of SARAH SMITH'S exclusive periods of possession, at the place designated in this Standard Possession Order.

04. Return of Child by SARAH SMITH—SARAH SMITH is ORDERED to return the child to TRAVIS ROBERTSON, if TRAVIS ROBERTSON is entitled to possession of the child, at the end of each of SARAH SMITH'S exclusive periods of possession, at the place designated in this Standard Possession Order.

05. Personal Effects—Each conservator is ORDERED to return with the child the personal effects that the child brought at the beginning of the period of possession.

06. Designation of Competent Adult—Each conservator may designate any competent adult known to the child to pick up and return the child, as applicable. IT IS ORDERED that a conservator or a designated competent adult be present when the child is picked up or returned.

07. Inability to Exercise Possession—Each conservator is ORDERED to give notice to the person in possession of the child on each occasion that the conservator will be unable to exercise that conservator's right of possession for any specified period.

08. Written Notice—Written notice shall be deemed to have been timely made if received or postmarked before or at the time that notice is due.

09. Notice to School and SARAH SMITH—If TRAVIS ROBERTSON'S time of possession of the child ends at the time school resumes and for any reason the child is not or will not be returned to school, TRAVIS ROBERTSON shall immediately notify the school and SARAH SMITH that the child will not be or has not been returned to school.

This concludes the Standard Possession Order.

The periods of possession ordered above apply to each child the subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

Except as expressly provided herein, IT IS ORDERED that neither conservator shall take possession of the children during the other conservator's period of possession unless there is a prior written agreement signed by both conservators or in case of an emergency.

The provisions of this order relating to conservatorship, possession, or access terminate on the remarriage of TRAVIS ROBERTSON to SARAH SMITH unless a nonparent or agency has been appointed conservator of the children under chapter 153 of the Texas Family Code.

## Health and Medical Coverage

IT IS ORDERED that TRAVIS ROBERTSON and SARAH SMITH shall each provide medical support for each child as set out in this order as additional child support for as long as the Court may order TRAVIS ROBERTSON and SARAH SMITH to provide support for the child under sections 154.001 and 154.002 of the Texas Family Code. Beginning on the day TRAVIS ROBERTSON and SARAH SMITH'S actual or potential obligation to support a child under sections 154.001 and 154.002 of the Family Code terminates, IT IS ORDERED that TRAVIS ROBERTSON and SARAH SMITH are discharged from the obligations set forth in this medical support order with respect to that child, except for any failure by a parent to fully comply with those obligations before that date. IT IS FURTHER ORDERED that the cash medical support payments ordered below are payable through the state disbursement unit and subject to the provisions for withholding from earnings provided above for other child support payments.

1.      Definitions—

"Health insurance" means insurance coverage that provides basic health-care services, including usual physician services, office visits, hospitalization, and laboratory, X-ray, and emergency services, that may be provided through a health maintenance organization or other private or public organization, other than medical assistance under chapter 32 of the Texas Human Resources Code.

"Reasonable cost" means the total cost of health insurance coverage for all children for which SARAH SMITH is responsible under a medical support order that does not exceed 9 percent of SARAH SMITH'S annual resources, as described by section 154.062(b) of the Texas Family Code.

"Reasonable and necessary health-care expenses not paid by insurance and incurred by or on behalf of a child" include, without limitation, any copayments for office visits or prescription drugs, the yearly deductible, if any, and medical, surgical, prescription drug, mental health-care services, dental, eye care, ophthalmological, and orthodontic charges. These reasonable and necessary health-care expenses do not include expenses for travel to and from the health-care provider or for nonprescription medication.

"Furnish" means:

a. to hand deliver the document by a person eighteen years of age or older either to the recipient or to a person who is eighteen years of age or older and permanently resides with the recipient;

b. to deliver the document to the recipient by certified mail, return receipt requested, to the recipient's last known mailing or residence address; or

c. to deliver the document to the recipient at the recipient's last known mailing or residence address using any person or entity whose principal business is that of a courier or deliverer of papers or documents either within or outside the United States.

02. Findings on Health Insurance Availability—Having considered the cost, accessibility, and quality of health insurance coverage available to the parties, the Court finds:

No parent has access to private health insurance at a reasonable cost.

IT IS FURTHER FOUND that the following orders regarding health-care coverage are in the best interest of the children.

03. Provision of Health-Care Coverage

SARAH SMITH is ORDERED to continue/apply, within 15 days after entry of this order, for coverage under a governmental medical assistance program or health plan for each child who is the subject of this suit.

When such health coverage is obtained, SARAH SMITH is ORDERED to maintain the coverage in full force and effect on each child who is the subject of this suit as long as child support is payable for that child, by paying all applicable fees required for the coverage, including but not limited to enrollment fees and premiums. SARAH SMITH is ORDERED to furnish TRAVIS ROBERTSON a true and correct copy of the health insurance policy or certification and a schedule of benefits within 30 days following the signing of this order. SARAH SMITH is FURTHER ORDERED to furnish TRAVIS ROBERTSON copies of the insurance cards and any other forms necessary for use of the insurance within 30 days following the signing of this order. SARAH SMITH is ORDERED to provide, within three days of receipt by SARAH SMITH, to TRAVIS ROBERTSON any insurance checks, other payments, or explanations of benefits relating to any medical expenses for the children that TRAVIS ROBERTSON paid or incurred.

TRAVIS ROBERTSON is ORDERED to pay SARAH SMITH cash medical support, as additional child support, of $125.00 per month, with the first installment being due and payable on February 1, 2015 and a like installment being due and payable on or before the first day of each month until the termination or modification of current child support for all children under this order.

IT IS ORDERED that the cash medical support provisions of this order shall be an obligation of the estate of TRAVIS ROBERTSON and shall not terminate on his death.

TRAVIS ROBERTSON is allowed to discontinue payment of cash medical support, for the time TRAVIS ROBERTSON is providing coverage, if—

a. health insurance for the children becomes available to TRAVIS ROBERTSON at a reasonable cost;

b. TRAVIS ROBERTSON enrolls the children in the insurance plan; and

c. TRAVIS ROBERTSON provides SARAH SMITH the information required under section 154.185 of the Texas Family Code.

Pursuant to section 154.183(c) of the Texas Family Code, the reasonable and necessary health-care expenses of the children that are not reimbursed by health insurance or are not otherwise covered by the amount of cash medical support under section 154.182(b) are allocated as follows: SARAH SMITH is ORDERED to pay 50% percent and TRAVIS ROBERTSON is ORDERED to pay 50% percent of the total health-care expenses that exceed the amount of cash medical support paid by TRAVIS ROBERTSON.

The party who incurs a health-care expense on behalf of the children is ORDERED to submit to the other party all forms, receipts, bills, statements, and explanations of benefits reflecting the uninsured portion of the health-care expenses within thirty days after he or she receives them. The nonincurring party is ORDERED to pay his or her share or percentage of the uninsured portion of the health-care expenses either by paying the health-care provider directly or by reimbursing the incurring party for any advance payment exceeding the incurring party's share or percentage of the uninsured portion of the health-care expenses within thirty days after the nonincurring party receives the forms, receipts, bills, statements, and explanations of benefits.

These provisions apply to all health-care expenses of any child who is the subject of this order for the provision of health-care coverage that are incurred while cash medical support is payable for that child.

04. Secondary Coverage—IT IS ORDERED that if a party provides secondary health insurance coverage for the children, both parties shall cooperate fully with regard to the handling and filing of claims with the insurance carrier providing the coverage in order to maximize the benefits available to the children and to ensure that the party who pays for health-care expenses for the children is reimbursed for the payment from both carriers to the fullest extent possible.

05. Compliance with Insurance Company Requirements—Each party is ORDERED to conform to all requirements imposed by the terms and conditions of any policy of health insurance covering the children in order to assure the maximum reimbursement or direct payment by any insurance company of the incurred health-care expense, including but not limited to requirements for advance notice to any carrier, second opinions, and the like. Each party is ORDERED to use "preferred providers," or services within the health maintenance organization or preferred provider network, if applicable. Disallowance of the bill by a health insurance company shall not excuse the obligation of either party to make payment. Excepting emergency health-care expenses incurred on behalf of the children, if a party incurs health-care expenses for the children using "out-of-network" health-care providers or services, or fails to follow the health

insurance company procedures or requirements, that party shall pay all such health-care expenses incurred absent (1) written agreement of the parties allocating such health-care expenses or (2) further order of the Court.

IT IS FURTHER ORDERED that no surgical procedure, other than in an emergency or one covered by insurance, shall be performed on the child unless the parent consenting to surgery has first consulted with at least two medical doctors, both of whom state an opinion that the surgery is medically necessary. IT IS FURTHER ORDERED that a parent who fails to obtain the required medical opinions before consent to surgery on the child shall be wholly responsible for all medical and hospital expenses incurred in connection therewith and not covered by insurance.

06. Claims—Except as provided in this paragraph, the party who is not carrying the health insurance policy covering the children is ORDERED to furnish to the party carrying the policy, within fifteen days of receiving them, all forms, receipts, bills, and statements reflecting the health-care expenses the party not carrying the policy incurs on behalf of the children. In accordance with sections 1204.251 and 1504.055(a) of the Texas Insurance Code, IT IS ORDERED that the party who is not carrying the health insurance policy covering the children, at that party's option, or others as authorized by law, may file any claims for health-care expenses directly with the insurance carrier with and from whom coverage is provided for the benefit of the children and receive payments directly from the insurance company. Further, for the sole purpose of section 1204.251 of the Texas Insurance Code, TRAVIS ROBERTSON is designated the managing conservator or possessory conservator of the children.

The party who is carrying the health insurance policy covering the children is ORDERED to submit all forms required by the insurance company for payment or reimbursement of health-care expenses incurred by either party on behalf of a child to the insurance carrier within fifteen days of that party's receiving any form, receipt, bill, or statement reflecting the expenses.

07. Constructive Trust for Payments Received—IT IS ORDERED that any insurance payments received by a party from the health insurance carrier as reimbursement for health-care expenses incurred by or on behalf of a child shall belong to the party who paid those expenses. IT IS FURTHER ORDERED that the party receiving the insurance payments is designated a constructive trustee to receive any insurance checks or payments for health-care expenses paid by the other party, and the party carrying the policy shall endorse and forward the checks or payments, along with any explanation of benefits received, to the other party within three days of receiving them.

08. WARNING—A PARENT ORDERED TO PROVIDE HEALTH INSURANCE OR TO PAY THE OTHER PARENT ADDITIONAL CHILD SUPPORT FOR THE COST OF HEALTH INSURANCE WHO FAILS TO DO SO IS LIABLE FOR NECESSARY MEDICAL EXPENSES OF THE CHILDREN, WITHOUT REGARD TO WHETHER THE EXPENSES WOULD HAVE BEEN PAID IF HEALTH INSURANCE HAD BEEN PROVIDED, AND FOR THE COST OF HEALTH INSURANCE PREMIUMS OR CONTRIBUTIONS, IF ANY, PAID ON BEHALF OF THE CHILDREN.

09. Notice to Employer—On this date a Medical Support Notice was authorized to be issued by the Court. For the purpose of section 1169 of title 29 of the United States Code, the

party not carrying the health insurance policy is designated the custodial parent and alternate recipient's representative.

## Medical Support Judgment

It is FOUND and CONFIRMED that TRAVIS ROBERTSON failed to provide medical support as ordered. It is FOUND that TRAVIS ROBERTSON is in arrears on medical support in the amount of $2,339.81 as of December 31, 2014. This includes all unpaid medical support and any balance owed on previously confirmed medical support arrearages or retroactive support judgment as of the specified date.

A judgment is GRANTED against TRAVIS ROBERTSON and in favor of SARAH SMITH in the amount of $2,339.81, with interest as provided by the law of the State of Texas, at the rate of 6% per annum.

TRAVIS ROBERTSON is ORDERED to pay said medical support judgment by paying $15.00 each month beginning on the 1st day of February, 2015, payable on or before that date and on or before the same day of each month thereafter until the arrearage is paid in full. The withholding order authorized herein shall include such payments, but nothing herein shall prohibit the use of other collection methods authorized by law. The court's order setting payments on a child support judgment or on a medical support judgment does not preclude or limit the use of any other means for enforcement of a judgment.

## Discharge of Child Support

IT IS ORDERED that the child support as prescribed in this order shall be exclusively discharged in the manner ordered and that any direct payments made by TRAVIS ROBERTSON to SARAH SMITH or any expenditures incurred by TRAVIS ROBERTSON during TRAVIS ROBERTSON'S periods of possession of or access to the children, as prescribed in this order,

for food, clothing, gifts, travel, shelter, or entertainment are deemed in addition to and not in lieu of the support ordered in this order.

IT IS ORDERED that the provisions for child support in this order shall be an obligation of the estate of TRAVIS ROBERTSON and shall not terminate on the death of TRAVIS ROBERTSON. Payments received for the benefit of the children, including payments from the Social Security Administration, Department of Veterans Affairs, or other governmental agency or life insurance proceeds, annuity payments, trust distributions, or retirement survivor benefits, shall be a credit against this obligation. Any remaining balance of the child support is an obligation of TRAVIS ROBERTSON'S estate.

The provisions of this order relating to current child support terminate on the remarriage of SARAH SMITH to TRAVIS ROBERTSON unless a nonparent or agency has been appointed conservator of the children under chapter 153 of the Texas Family Code.

An obligation to pay child support under this order does not terminate on the death of SARAH SMITH but continues as an obligation to KATHERINE DAWN ROBERTSON and ELIZABETH MARIE ROBERTSON.

## Medical Notification

Each party is ORDERED to inform the other party within 2 hours of any medical condition of the children requiring surgical intervention, hospitalization, or both.

Within 15 days after the Court signs this order, each party is ORDERED to execute—

1.      all necessary releases pursuant to the Health Insurance Portability and Accountability Act (HIPAA) and 45 C.F.R. section 164.508 to permit the other conservator to obtain health-care information regarding the children; and

2.      for all health-care providers of the children, an authorization for disclosure of protected health information to the other conservator pursuant to the HIPAA and 45 C.F.R. section 164.508.

Each party is further ORDERED to designate the other conservator as a person to whom protected health information regarding the children may be disclosed whenever the party executes an authorization for disclosure of protected health information pursuant to the HIPAA and 45 C.F.R. section 164.508.

## Injunctive Relief

The permanent injunction granted below shall be effective immediately and shall be binding on SARAH SMITH and TRAVIS ROBERTSON, on his/her agents, servants, employees, and attorneys; and on those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise.

IT IS ORDERED AND DECREED that SARAH SMITH and TRAVIS ROBERTSON are permanently enjoined from:

1. Permitting the children to be around or in the presence of Robert Manning commencing February 18, 2015 and at all times thereafter.

## Tax Exemption for Children

For the purposes of federal income tax exemptions regarding the children the subject of this suit, all Internal Revenue Service rules shall apply.

## Required Information

The information required for each party by section 105.006(a) of the Texas Family Code is as follows:

Name: SARAH SMITH

Social Security number: XXX-XX-9545

Driver's license number and issuing state: Texas 15377338

Current residence address:

Mailing address:

Home telephone number: 832-647-8961

Name of employer: Banfield Pet Hospital

Address of employment: 5722 Fairmont Parkway, Pasadena, Texas 77505

Work telephone number: 281-991-5958

Name: TRAVIS ROBERTSON

Social Security number: XXX-XX-3850

Driver's license number and issuing state: Texas 15995552

Current residence address: 19905 8 Hastings Circle, Alvin, Texas 77551

Mailing address: Same

Home telephone number: 832-221-3710

Name of employer: South Park Funeral Home

Address of employment: 1310 North Main Street, Pearland, Texas, 77581

Work telephone number: 832-780-9944

**Required Notices**

EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY CHANGE IN THE PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S LICENSE NUMBER, AND WORK TELEPHONE NUMBER. THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE. IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME TO PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.

THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY WITH THE CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE

OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

Notice shall be given to the other party by delivering a copy of the notice to the party by registered or certified mail, return receipt requested. Notice shall be given to the Court by delivering a copy of the notice either in person to the clerk of this Court or by registered or certified mail addressed to the clerk at Office of the District Clerk, Brazoria County Courthouse, 111 E. Locust Street, Angleton, Texas 77515. Notice shall be given to the state case registry by mailing a copy of the notice to State Case Registry, Contract Services Section, MC046S, P.O. Box 12017, Austin, Texas 78711-2017.

NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS: YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $10,000.

## Warnings

WARNINGS TO PARTIES: FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY'S NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.

FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.

## Termination and Adoption of Tyler B. Poole

The parties agree to file a joint petition for termination and adoption allowing TRAVIS ROBERTSON to adopt the minor child Tyler B. Poole.

TRAVIS ROBERTSON shall be responsible for paying all attorney fees and costs associated with the termination and adoption.

Order in Suit to Modify Parent Child Relationship
Smith v Robertson
Page 23 of 27

The parties agree to jointly speak with Tyler B. Poole about the termination and adoption process and procedures. Cathy Robertson shall not be allowed to be present during the parties' conversations with the child.

## Motion for Enforcement Dismissed

IT IS ORDERED that the Motion for Enforcement of Possession or Access filed by SARAH SMITH is dismissed with prejudice.

## Attorney Fees

For services rendered in connection with conservatorship and support of the children, each party shall be responsible for his or her own attorney's fees, expenses, and costs incurred as a result of legal representation in this case.

## Costs

IT IS ORDERED that costs of court are to be borne by the party who incurred them.

## Merger of Mediated Settlement Agreement

This order is stipulated to represent a merger of a mediated settlement agreement between the parties. To the extent there exist any differences between the mediated settlement agreement and this order, this order shall control in all instances.

## Discharge from Discovery Retention Requirement

IT IS ORDERED that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

## Relief Not Granted

IT IS ORDERED that all relief requested in this case and not expressly granted is denied. All other terms of the prior orders not specifically modified in this order shall remain in full force

and effect.

**Date of Order**

      SIGNED on June _____, 2015.


                              _____
                              JUDGE PRESIDING


APPROVED AS TO FORM ONLY:

MIDANI & COLE LLP


_____
Mark O. Midani
S.B.O.T. No. 14013250
mmidani@mhclaw.net
Thomas P. Nixon
S.B.O.T. No. 24048692
tnixon@mhclaw.net
Tremont Plaza Offices
1707 23rd Street
Galveston, Texas 77550
(409) 763-1627
(281) 474-4055
(409) 763-0430 Telecopier

Attorney for Respondent


_____
Benjamin H. Best, II
S.B.O.T. No. 02263600
2414 S. Park
Pearland, Texas 77588
281-485-0666
281-485-3197 Facsimile

Attorney for Petitioner

APPROVED AS TO FORM ONLY:

_____

Khadjia Davis
S. B. O. T. No: _____
5300 FM 2004
La Marque, Texas 77568-2402
(800) 252-8014
(409) 986-9663 Facsimile

Office of the Attorney General

APPROVED AS TO BOTH FORM AND SUBSTANCE:

_____

Travis Robertson
Petitioner

_____

Sarah Smith
Respondent

NO. 67362

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT OF |
| | § | |
| KATHERINE DAWN ROBERTSON | § | |
| AND ELIZABETH MARIE ROBERTSON | § | BRAZORIA COUNTY, TEXAS |
| | § | |
| MINOR CHILDREN | § | 300TH JUDICIAL DISTRICT |

## OPPOSITION TO ENTRY OF ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP

TRAVIS ROBERTSON, Respondent/Counter-Petitioner is this post-judgment action, files this his opposition to the entry of the Order prepared by Movant/Counter-Respondent's counsel following mediation; as grounds therefor he would show:

### I. Facts/Timeline

a.     On January 29, 2015, the parties mediated the dispute(s) between them. (See the Mediated Settlement Agreement, filed on January 29, 2015, by David Salinsky).

b.     On or about February 25, 2015, Petitioner/Counter-Respondent's counsel provided their draft of the proposed Order.

c.     Between February 25, 2015, and April 20, 2015, the parties' counsel conducted phone conversations back and forth attempting to "tweek" the Order.

d.     On April 20, 2015, in response to requests for accommodation contained in the proposed Order and the MSA, Respondent/Counter-Petitioner received the e-mail attached as Exhibit "A" to this motion.

## II. The Proposed Order Unenforceable

As a part of the Mediated Settlement Agreement (see page 13 "Other Agreements"), it was agreed that

> "Parties agree to jointly file a Petition to terminate and adopt - allowing Travis to adopt Tyler B. Poole. Travis to pay for the attorney's fees. Parties will jointly talk to Tyler about the adoption..."

## II. Lack of Cooperation/Bad Faith

a.     Clearly, if "she has not spoken to Tyler's biological father in 12 years and does not know his whereabouts..." is Petitioner's idea of cooperation, the joining with Respondent to adopt or terminate the biological father's rights and allow Counter-Petitioner to adopt Tyler B. Poole will go no where and is meaningless, and cannot be enforced.

b.     While Tyler B. Poole is not a subject of this instant lawsuit, nor as best Counter-Petitioner can ascertain, the subject of continuing jurisdiction of any Texas court, the child has lived with Counter-Petitioner Travis Robertson off-on since February, 2013.

c.     An understood part of the mediation process was to assist Counter-Petitioner Travis Robertson in the adoption of Tyler B. Poole.

d.     To enter the Order as it currently exists would be fool-hardy, a waste of money, and result in an Order which, while agreed to by the parties, would be unenforceable.

WHEREFORE, PREMISES CONSIDERED, Respondent/Counter-Petitioner TRAVIS ROBERTSON prays that the Court instruct the parties on what elements it would require to make their agreement enforceable and allow Counter-Petitioner's counsel to prepare such order and give a date for entry of same.

Respondent/Counter-Petitioner prays for general relief.

Respectfully submitted,

BENJAMIN H. BEST, II
Attorney for Respondent/
Counter-Petitioner
2414 S. Park/P. O. Box 1168
Pearland, Texas 77588-1168
(281) 485-0666
FAX: 281-485-3197
Email: funeral47@sbcglobal.net
SBOT #02263600

## CERTIFICATE OF SERVICE

I do hereby certify that on this the __24th__ day of April, 2015, a true and correct copy of the above and foregoing instrument was send via electronic filing and fax to:

Mark O. Midani                    and   Email: mmidani@mhclaw.net
Midani & Cole LLP                       FAX: 409-763-0430
Tremont Plaza Offices
1707 23rd St.
Galveston, Texas 77550

BENJAMIN H. BEST, II

Subject:  FW: robertson order

From:    Bettye Vogler (bvogler@mhclaw.net)

To:      mmbowman@sbcglobal.net;

Date:    Monday, April 20, 2015 3:20 PM

Ms. Robertson is not in agreement to change the times of the children's birthday periods of possession.

She is forwarding a copy of Tyler's birth certifivcate. I will send it to you as soon as I receive it.

She has not spoken to Tyler's biological father in 12 years and does not know his whereabouts.

From: Bettye Vogler
Sent: Wednesday, February 25, 2015 1:23 PM
To: 'Benjamin BEST ATTY.'
Subject: robertson order

Bettye Vogler

Legal Assistant

Midani & Cole LLP

Tremont Plaza Offices

EXHIBIT

A

Print

1707 23rd Street

Galveston, Texas 77550

409-763-1627

281-474-4055

409-763-0430 Facsimile

bvogler@mhclaw.net

Cause No. 67362

| | | |
|---|---|---|
| IN THE INTEREST OF | * | IN THE DISTRICT COURT OF |
| | * | |
| KATHERINE DAWN ROBERTSON | * | BRAZORIA COUNTY, TEXAS |
| AND ELIZABETH MARIE ROBERTSON | * | |
| | * | |
| MINOR CHILDREN | * | 300TH JUDICIAL DISTRICT |

## ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP

*DRAFT of 6/5/15*

On June _____, 2015, the Court considered this case.

### Appearances

Petitioner, TRAVIS ROBERTSON, appeared in person and through attorney of record, Benjamin H. Best, II and announced ready.

Respondent, SARAH (ROBERTSON) SMITH, appeared in person and through attorney of record, Thomas P. Nixon of Midani & Cole LLP, and announced ready.

*The OAG appeared through attorney of record and announced ready*

### Jurisdiction

The Court, after examining the record and the evidence and argument of counsel, finds that it has jurisdiction of this case and of all the parties and that no other court has continuing, exclusive jurisdiction of this case. All persons entitled to citation were properly cited.

### Jury

A jury was waived, and all questions of fact and of law were submitted to the Court.

### Record

The making of a record of testimony was waived by the parties with the consent of the Court.

### Children

The Court finds that the following children are the subject of this suit:

child and a like sum of $240.00 due and payable on the first day of each month thereafter until the next occurrence of one of the events specified above for the other child.

If a child is eighteen years of age and has not graduated from high school, IT IS ORDERED that TRAVIS ROBERTSON'S obligation to pay child support to SARAH SMITH shall not terminate but shall continue for as long as the child is enrolled—

1. under chapter 25 of the Texas Education Code in an accredited secondary school in a program leading toward a high school diploma or under section 130.008 of the Education Code in courses for joint high school and junior college credit and is complying with the minimum attendance requirements of subchapter C of chapter 25 of the Education Code or

2. on a full-time basis in a private secondary school in a program leading toward a high school diploma and is complying with the minimum attendance requirements imposed by that school.

IT IS ORDERED that any employer of TRAVIS ROBERTSON shall be ordered to withhold from earnings for child support from the disposable earnings of TRAVIS ROBERTSON for the support of KATHERINE DAWN ROBERTSON and ELIZABETH MARIE ROBERTSON.

IT IS FURTHER ORDERED that all amounts withheld from the disposable earnings of TRAVIS ROBERTSON by the employer and paid in accordance with the order to that employer shall constitute a credit against the child support obligation. Payment of the full amount of child support ordered paid by this decree through the means of withholding from earnings shall discharge the child support obligation. If the amount withheld from earnings and credited against the child support obligation is less than 100 percent of the amount ordered to be paid by this decree, the balance due remains an obligation of TRAVIS ROBERTSON, and it is hereby ORDERED that TRAVIS ROBERTSON pay the balance due directly to the state disbursement unit as specified below.

On this date the Court authorized the issuance of an Income Withholding for Support.

the amount of $2,339.81 as of December 31, 2014. This includes all unpaid medical support and any balance owed on previously confirmed medical support arrearages or retroactive support judgment as of the specified date.

A judgment is GRANTED against TRAVIS ROBERTSON and in favor of ~~SARAH~~ *the Office of the* ~~SMITH~~ *Attorney General* in the amount of $2,339.81, with interest as provided by the law of the State of Texas, at the rate of 6% per annum.

TRAVIS ROBERTSON is ORDERED to pay said medical support judgment by paying $15.00 each month beginning on the 1st day of February, 2015, payable on or before that date and on or before the same day of each month thereafter until the arrearage is paid in full. The withholding order authorized herein shall include such payments, but nothing herein shall prohibit the use of other collection methods authorized by law. The court's order setting payments on a child support judgment or on a medical support judgment does not preclude or limit the use of any other means for enforcement of a judgment.

## Discharge of Child Support

IT IS ORDERED that the child support as prescribed in this order shall be exclusively discharged in the manner ordered and that any direct payments made by TRAVIS ROBERTSON to SARAH SMITH or any expenditures incurred by TRAVIS ROBERTSON during TRAVIS ROBERTSON'S periods of possession of or access to the children, as prescribed in this order, for food, clothing, gifts, travel, shelter, or entertainment are deemed in addition to and not in lieu of the support ordered in this order.

IT IS ORDERED that the provisions for child support in this order shall be an obligation of the estate of TRAVIS ROBERTSON and shall not terminate on the death of TRAVIS ROBERTSON. Payments received for the benefit of the children, including payments from the

Current residence address: 19905 8 Hastings Circle, Alvin, Texas 77551

Mailing address: Same

Home telephone number: 832-221-3710

Name of employer: ~~South Park Funeral Home~~ *self*

Address of employment: ~~1340 North Main Street, Pearland, Texas, 77581~~

Work telephone number: ~~832-780-9944~~

**Required Notices**

EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY CHANGE IN THE PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S LICENSE NUMBER, AND WORK TELEPHONE NUMBER. THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE. IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME TO PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.

THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY WITH THE CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

Notice shall be given to the other party by delivering a copy of the notice to the party by registered or certified mail, return receipt requested. Notice shall be given to the Court by delivering a copy of the notice either in person to the clerk of this Court or by registered or certified mail addressed to the clerk at Office of the District Clerk, Brazoria County Courthouse, 111 E. Locust Street, Angleton, Texas 77515. Notice shall be given to the state case registry by mailing a copy of the notice to State Case Registry, Contract Services Section, MC046S, P.O. Box 12017, Austin, Texas 78711-2017.

NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS: YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S

GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $10,000.

## Warnings

WARNINGS TO PARTIES: FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY'S NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.

FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.

$1162.00 ~

## Termination and Adoption of Tyler B. Poole

*[handwritten: that TRAVIS and CATHY JOROBERTSON shall file a petition to adopt TYLER BRAWLEY POOLE and Terminate the parental rights of JOSEPH BAILEY III; SARAH(R)S she has agreed to provide all necessary consents and will assist in facilitating the legal proceeding;]*

The parties agree to file a ~~joint petition for termination and adoption allowing TRAVIS ROBERTSON to adopt the minor child Tyler B. Poole~~

TRAVIS ROBERTSON shall be responsible for paying all attorney fees and costs associated with the termination and adoption, *[handwritten: however no child support shall be ordered for Travis B. Poole.]*

The parties agree to jointly speak with Tyler B. Poole about the termination and adoption

*[handwritten: done]* process and procedures. Cathy Robertson shall not be allowed to be present during the parties' conversations with the child.

## Motion for Enforcement Dismissed

IT IS ORDERED that the Motion for Enforcement of Possession or Access filed by SARAH SMITH is dismissed with prejudice.

*[handwritten: previous reinstate]*

| | |
|---|---|
| **From:** | Benjamin BEST ATTY. <mmbowman@sbcglobal.net> |
| **Sent:** | Thursday, July 02, 2015 11:40 AM |
| **To:** | bettye vogler |
| **Subject:** | Cause No. 67362; In the Interest of Robertson Children |
| **Attachments:** | Letter to Nixon with Changes on Order.pdf |

see attach letter and pages

Mary Bowman
Ben Best Office
2414 S. Park
Pearland, Texas 77581
281-485-0666